J. STEPHEN STREET 1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii 96821
Telephone No.: (808) 754-1647
Facsimile No.: (888) 334-6499
E-mail: jsstreet@ip-law-hawaii.com

DANE ANDERSON 9349-0
Attorney At Law, LLLC
P.O. Box #1621
Honolulu, Hawaii 96806
Telephone No.: (808) 285-4760
E-mail: dane@andersonlawhawaii.com

Attorneys for Plaintiffs
VINCENT KHOURY TYLOR
and VINCENT SCOTT TYLOR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR, | ) | CIVIL NO. ____________________ (Copyright Infringement) |
| Plaintiffs, | ) | COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS; EXHIBITS "A"-"F" |
| vs. | ) | |
| SCOTT SHOE CO., LTD., a Hawaii Corporation, dba SCOTT HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10, | ) | |
| Defendants. | ) | |
| ____________________________________ | ) | |

# COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

COMES NOW Plaintiffs VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR, by their attorneys, J. Stephen Street, Attorney at Law, and Dane Anderson, Attorney at Law, LLLC, and for their complaint alleges as follows:

## PARTIES

1. Plaintiff VINCENT KHOURY TYLOR is a resident of the State of Hawaii.

2. Plaintiff VINCENT SCOTT TYLOR is a resident of the State of Hawaii.

3. Upon information and belief, Defendant SCOTT SHOE CO., LTD. ("Defendant") is a for-profit corporation registered in the State of Hawaii, with its principal place of business in Honolulu, Hawaii, and is doing business as SCOTT HAWAII.

4. JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that, after investigation of the facts of this action, said Defendants' true names and identities are presently unknown to Plaintiff VINCENT KHOURY TYLOR and Plaintiff VINCENT SCOTT TYLOR (collectively referred to as "Plaintiffs"),

except, upon information and belief, that they are connected in some manner with the named Defendant and/or were the agents, servants, employees, employers, representatives, co-venturers, associates, successors or assignees of the named Defendant who may be under a duty, contractually or otherwise, to pay Plaintiffs compensation for loss incurred by the actions or omissions of the named Defendant and/or were in some manner related to the named Defendant and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiffs or their attorneys. To ascertain the full names and identities of JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiffs' counsel have investigated the facts alleged herein through inter alia, interview of Plaintiffs and inspection of the records in this matter. When the true names and capacities are ascertained, through appropriate discovery, Plaintiffs shall move to amend this action to state the true names.

## JURISDICTION AND VENUE

5. This is an action for preliminary and permanent injunctive relief and damages arising from Defendant's copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et. seq. and the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

7. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

## FACTUAL ALLEGATIONS

8. Defendant is doing business in the State of Hawaii as a manufacturer and/or seller of footwear under the trade name or brand name SCOTT HAWAII.

9. Defendant manages and controls a commercial website for its business, at http://scotthawaii.com/, where customers can complete online purchases of Defendant's products.

10. Defendant manages and controls a commercial web page on Facebook.com, at https://www.facebook.com/ScottHawaii1932, to advertise and promote its business and products and to encourage users of its Facebook.com commercial web page to navigate to its commercial website, or click on a provided hyperlink to be directly routed to its commercial website, to complete online purchases of Defendant's products.

11. Defendant manages and controls a commercial web page on Pinterest.com, at http://pinterest.com/ScottHawaii/, to advertise and promote its business and products and to encourage users of its Pinterest.com commercial web

page to navigate to its commercial website, or click on a provided hyperlink to be directly routed to its commercial website, to complete online purchases of Defendant's products.

12. Defendant manages and controls a commercial web page on Tumblr.com, at http://scotthawaii.tumblr.com/, to advertise and promote its business and to encourage users of its Tumblr.com commercial web page to navigate to its commercial website, or click on a provided hyperlink to be directly routed to its commercial website to complete online purchases of Defendant's products.

13. Customers viewing Defendant's commercial website are encouraged to "View Our Other Sites" by clicking on hyperlink icons to be directly routed to Defendant's social media commercial web pages on Facebook.com and Pinterest.com, as described in paragraphs 10 and 11. Customers are also encouraged to "Share Our Site with Friends" by clicking on one of many hyperlink icons to promote Defendant's commercial website among users on Facebook.com, Pinterest.com, Tumblr.com and other social media websites, web blog services, or email services. Customers are further encouraged to "Find Us on Facebook" or "Like" Defendant's Facebook.com commercial web page, as described in paragraph 10. Defendant's Facebook.com commercial web page is directly linked to Defendant's commercial website so that customers can view Defendant's

Facebook.com commercial web page postings on Defendant's commercial website without having to navigate to Defendant's Facebook.com commercial web page to view Defendant's postings.

14. Each photographic work at issue in this case is an original work entitled to copyright protection pursuant to the copyright laws of the United States, and each photographic work at issue is duly registered with the United States Copyright Office.

15. Nine (9) photographic works, image nos.: "O-23 Waikiki Dusk"; "A-12-B LaniKai-girl"; "O-05 Chinamans Hat"; "K-42 Secret Beach"; "M-25 Kaanapali Beach"; "O-06 Hanauma Bay Wide"; "K-06-B Wailua Falls Rainbow"; "B-04 Anaehoomalu Bay Sunset"; and, "S-02 Fire at Shipwrecks", at issue in this case were created by photographer Plaintiff VINCENT KHOURY TYLOR, who owns the copyrights to those works. The copyrights for those photographic works at issue were registered with the United States Copyright Office as 1) VA 1-696-555, effective December 17, 2009, and supplemented by form VA 1-432-741, effective June 20, 2011, and 2) VA 1-696-552, effective December 17, 2009, and supplemented by form VA 1-432-820, effective June 20, 2011, in the name of Plaintiff VINCENT KHOURY TYLOR, who has exclusive rights and privileges in those photographic works under the United States

Copyright Act. True and correct copies of the Certificates of Registration that relate to those photographic works at issue are attached hereto as Exhibit “A.”

16. Two (2) photographic works, images nos.: “Hana Lagoons” and “Hanauma Bay Lookout Original”, at issue in this case were created by photographer Plaintiff VINCENT SCOTT TYLOR, who owns the copyrights to those works. The copyrights for those photographic works at issue were registered with the United States Copyright Office as 1) VA 1-801-448, effective January 11, 2012, and 2) VA 1-871-794, effective May 13, 2013, in the name of Plaintiff VINCENT SCOTT TYLOR, who has exclusive rights and privileges in those photographic works under the United States Copyright Act. True and correct copies of the Certificates of Registration that relate to those photographic works at issue are attached hereto as Exhibit “B.”

17. None of the said photographic works was a “work for hire.”

18. Plaintiffs incurred substantial time and expense in creating the photographic works at issue, and Plaintiffs license the photographic works at issue for commercial and other uses.

19. In mid-2013, Plaintiff VINCENT KHOURY TYLOR learned that Defendant used nine (9) of his photographic works at issue, in high resolution, on its commercial website, Facebook.com commercial web page, or Pinterest.com commercial web page a total of at least twenty-five (25) different times:

Image **"O-23 Waikiki Dusk"** was used six (6) times at:

*Page URLs:*

http://scotthawaii.com/index.php?option=com_content&view=article&id=115:honolulus-hot-spots&catid=47&Itemid=61&lang=en
https://www.facebook.com/ScottHawaii1932
https://www.facebook.com/ScottHawaii1932/photos_stream
https://www.facebook.com/photo.php?fbid=365868686804408&set=pb.119442808113665.-2207520000.1378182107.&type=3&theater
https://www.facebook.com/photo.php?fbid=365868686804408&set=pb.119442808113665.-2207520000.1375599118.&type=3&theater

http://pinterest.com/scotthawaii/all-things-hawaii/
http://pinterest.com/pin/4574037092033675/

*Image URLs:*

https://lh4.googleusercontent.com/OV9OA6nRJTyLcm0QeB09QDlhIQys3sa_PmpifS-WtRd1WN4ddhq92YvLa4P0JUifb71lvAY27L-EVWEk7KU8JRSzLTuRIcfp9yKVUq3Y25C9RSyFASE
https://sphotos-a-sjc.xx.fbcdn.net/hphotos-ash3/581252_365868686804408_1003791734_n.jpg (960 x 639 pixels)
http://media-cache-ak0.pinimg.com/736x/a9/b8/79/a9b879f40d30a6b6457876b2cbe080e0.jpg (600 x 450 pixels)

Image **"A-12-B LaniKai-girl"** was used three (3) times at:

*Page URLs:*

https://www.facebook.com/ScottHawaii1932
https://www.facebook.com/ScottHawaii1932/photos_stream
https://www.facebook.com/photo.php?fbid=380811841976759&set=pb.119442808113665.-2207520000.1378182107.&type=3&theater

*Image URLs:*

https://sphotos-b-sjc.xx.fbcdn.net/hphotos-ash3/575642_380811841976759_1254727657_n.jpg (960 x 720 pixels)

Image **"O-05 Chinamans Hat"** was used three (3) times at:

*Page URLs:*

https://www.facebook.com/ScottHawaii1932
https://www.facebook.com/ScottHawaii1932/photos_stream
https://www.facebook.com/photo.php?fbid=248562628535015&set=pb.119

442808113665.-2207520000.1378182332.&type=3&theater
https://www.facebook.com/photo.php?fbid=248562628535015&set=a.119453144779298.16320.119442808113665&type=1&theater

*Image URLs:*

https://sphotos-a-sjc.xx.fbcdn.net/hphotos-ash4/389389_248562628535015_1502271857_n.jpg (640 x 480 pixels)

Image **"K-42 Secret Beach"** was used two (2) times at:

*Page URLs:*

http://pinterest.com/scotthawaii/all-things-hawaii/
http://pinterest.com/pin/4574037094425514/

*Image URLs:*

http://media-cache-ak0.pinimg.com/736x/26/2e/c6/262ec6ed2195d595614a0c6c91d8d964.jpg (640 x 1,136 pixels)

Image **"M-25 Kaanapali Beach"** was used three (3) times at:

*Page URLs:*

http://pinterest.com/scotthawaii/all-things-hawaii/
http://pinterest.com/pin/4574037093085465/
http://pinterest.com/pin/4574037092997315/

*Image URLs:*

http://media-cache-ec0.pinimg.com/736x/82/01/14/8201142a187ee14bb08c845b54e581c5.jpg (400 x 300 pixels)
http://media-cache-ec0.pinimg.com/736x/7a/51/ec/7a51ec0e1fdf1828d1c7e3fa80178a97.jpg (400 x 300 pixels)

Image **"O-06 Hanauma Bay Wide"** was used two (2) times at:

*Page URLs:*

http://pinterest.com/scotthawaii/all-things-hawaii/
http://pinterest.com/pin/4574037092047516/

*Image URLs:*

http://media-cache-ak0.pinimg.com/736x/64/c4/12/64c412a6c791dd353ac99737d31a2472.jpg (736 x 552 pixels)

Image **"K-06-B Wailua Falls Rainbow"** was used two (2) times at:

*Page URLs:*

http://pinterest.com/scotthawaii/all-things-hawaii/
http://pinterest.com/pin/4574037091708206/
*Image URLs:*
http://media-cache-ec0.pinimg.com/736x/90/1d/22/901d22d874
64174c19aeaed0862981f7.jpg (300 x 225 pixels)

Image **"B-04 Anaehoomalu Bay Sunset"** was used two (2) times at:

*Page URLs:*
http://pinterest.com/scotthawaii/all-things-hawaii/
http://pinterest.com/pin/4574037093182102/
*Image URLs:*
http://media-cache-ak0.pinimg.com/736x/a4/4c/b1/a44cb18b400b
0c8b15a76525b4845675.jpg (405 x 600 pixels)

Image **"S-02 Fire at Shipwrecks"** was used two (2) times at:

*Page URLs:*
http://pinterest.com/scotthawaii/all-things-hawaii/
http://pinterest.com/pin/4574037091929249/
*Image URLs:*
http://media-cache-ak0.pinimg.com/736x/59/df/c1/59dfc15730c386
41f46004471e3d2bde.jpg (736 x 552 pixels)

Said photographic works were used by Defendant, some for over two years, without obtaining licenses or consent from Plaintiff VINCENT KHOURY TYLOR, thus violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 100 et. seq. True and correct copies of those photographic works registered by Plaintiff VINCENT KHOURY TYLOR along with copies of screenshots of Defendant's infringing uses are attached hereto as Exhibit "C."

20. In mid-2013, Plaintiff VINCENT SCOTT TYLOR learned that Defendant used two (2) of his photographic works at issue, in high resolution, on its Pinterest.com commercial web page a total of at least four (4) different times:

Image **"Hana Lagoons"** was used two (2) times at:

*Page URLs:*
http://pinterest.com/scotthawaii/all-things-hawaii/
http://pinterest.com/pin/4574037092997317/
*Image URLs:*
http://media-cache-ak0.pinimg.com/736x/11/7c/7a/117c7af77d65b11ab8094a3b04ce1792.jpg (600 x 450 pixels)

Image **"Hanauma Bay Lookout Original"** was used two (2) times at:

*Page URLs:*
http://pinterest.com/scotthawaii/all-things-hawaii/
http://pinterest.com/pin/4574037091965565/
*Image URLs:*
http://media-cache-ak0.pinimg.com/736x/53/b4/35/53b43518a7ecf1a93dabf52811aa8650.jpg (300 x 225 pixels)

Said photographic works were used by Defendant, beginning over one year ago, without obtaining licenses or consent from Plaintiff VINCENT SCOTT TYLOR, thus violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 100 et. seq. True and correct copies of those photographic works registered by Plaintiff VINCENT SCOTT TYLOR along with copies of screenshots of Defendant's infringing uses are attached hereto as Exhibit "D."

21. By letter of September 4, 2013, Plaintiffs gave notice to Defendant of the copyright infringements and Digital Millennium Copyright Act violations for the photographic works at issue used on Defendant's commercial website, Facebook.com commercial web page, and Pinterest.com commercial web page, and attempted to resolve the claims by requesting that Defendant pay a retroactive licensing fee for the uses of the photographic works at issue, that it cease and desist from using any of Plaintiffs' copyrighted photographic works, and that it provide written assurances that the copyrighted photographic works at issue were removed from its commercial website, Facebook.com commercial web page, and Pinterest.com commercial web page.

22. Plaintiffs' counsel received a letter from Defendant's counsel, dated September 18, 2013, stating that Defendant was in receipt of Plaintiffs' letter described previously in paragraph 21, and claiming that Defendant ceased its uses of the photographic works at issue. Plaintiffs' counsel and Defendant's counsel exchanged communications in an attempt to settle the claims.

23. Despite the cease and desist notice received by Defendant in September of 2013, Defendant continued to use Plaintiff VINCENT KHOURY TYLOR's **"O-23 Waikiki Dusk"** photographic work on its commercial website, at http://scotthawaii.com/, constituting willful infringement.

24. Plaintiffs' counsel gave notice of the continuing use of **"O-23 Waikiki Dusk"** to Defendant's counsel on November 1, 2013, after which Defendant finally removed that photographic work from its website. Plaintiffs' counsel exchanged correspondence with Defendant's counsel into December of 2013, but Plaintiffs and Defendant were unable to reach a settlement.

25. Despite the cease and desist notice received by Defendant in September of 2013, Plaintiff VINCENT KHOURY TYLOR further learned in January of 2014, that Defendant continues to use his **"S-02 Fire at Shipwrecks"** photographic work on its Tumblr.com commercial web page, which began in September of 2012, constituting willful infringement, at:

*Page URLs:*
http://scotthawaii.tumblr.com/archive
http://scotthawaii.tumblr.com/post/31542506824
*Image URLs:*
http://31.media.tumblr.com/tumblr_maczw2Zyek1rrhpmfo1_500.jpg
(500 x 375 pixels)

This photographic work continues to be used by Defendant without obtaining licenses or consent from Plaintiff VINCENT KHOURY TYLOR and with notice of his copyright and cease and desist demand, thus constituting willful infringement by violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 100 et. seq. A true and correct copy of that photographic work registered by Plaintiff

VINCENT KHOURY TYLOR along with a copy of a screenshot of Defendant's continuing infringing use are attached hereto as Exhibit "E."

26. Plaintiff VINCENT KHOURY TYLOR's copyrighted photographic works at issue, where they are legitimately available, bear his copyright management information in the form of a "Vincent K. Tylor" signature at the bottom corner of each photographic work.

27. Upon information and belief, Defendant intentionally removed or altered Plaintiff VINCENT KHOURY TYLOR's copyright management information, as described in paragraph 26, from eight (8) of nine (9) of his photographic works at issue for Defendant's uses of those photographic works without his authority or the authority of the law, or Defendant distributed those photographic works knowing that his copyright management information had been removed or altered without his authority or the authority of the law. Defendant displayed copies of those photographic works without copyright management information, knowing that Defendant did not own the photographic works, and knowing that a simple internet image search would locate those photographic works with Plaintiffs' copyright management information clearly associated with those photographic works. Defendant's use of one (1) of Plaintiff VINCENT KHOURY TYLOR's photographic works, **"B-04 Anaehoomalu Bay Sunset"**, still contained the copyright management information, demonstrating a disregard

for Plaintiff VINCENT KHOURY TYLOR's notice of copyright. True and correct copies of Plaintiff VINCENT KHOURY TYLOR's photographic works containing his copyright management information along with copies of screenshots of Defendant's infringing uses with the copyright management information cropped, and its use of "B-04 Anaehoomalu Bay Sunset" with the copyright information intact, are shown in Exhibits "C" and "E."

28. Defendant's uses of Plaintiff VINCENT KHOURY TYLOR's photographic works on its Facebook.com commercial web page have contributed to widespread distribution of those photographic works absent his copyright management information because users who view Defendant's Facebook.com commercial web page can easily distribute Defendant's postings of those photographic works without the said copyright information among other Facebook.com users by clicking on the "Like" button, "Comment" button or "Share" button associated with those photographic works as they appear on Defendant's Facebook.com commercial web page. Each "Like," "Comment," or "Share" action by a user causes those photographic works to be distributed to other users or promotes Defendant's Facebook.com commercial web page or its business as the origin and owner of those photographic works. Furthermore, users can automatically promote Defendant's Facebook.com commercial web page among other users by clicking the "Like" button associated with that page, effectively

advertising Defendant's business and brand as well as the photographic works at issue absent Plaintiff VINCENT KHOURY TYLOR's copyright information. Defendant's Facebook.com commercial web page at issue has been "Liked" by over 20,000 users, leading to potentially thousands more Facebook.com users viewing and/or continually sharing the photographic works at issue that were initially posted by Defendant absent Plaintiff VINCENT KHOURY TYLOR's copyright management information. Customers on Defendant's commercial website can also view Defendant's Facebook.com commercial web page postings directly on the home page of Defendant's commercial website, as that site is linked to Defendant's Facebook.com commercial web page.

29. Defendant's use of Plaintiff VINCENT KHOURY TYLOR's photographic work on its Tumblr.com commercial web page, absent his copyright management information, has contributed to widespread distribution of that photographic work absent the said copyright management information because Tumblr.com users can easily distribute Defendant's use of that photographic work among other Tumblr.com users by clicking on the "Reblog" button or "Like" button associated with that use as it appears on Defendant's Tumblr.com commercial web page. Each "Reblog" or "Like" click by a user causes Defendant's use of that photographic work to be distributed to other users or promotes Defendant's Tumblr.com commercial web page or its business as the

origin and owner of that photographic work. Furthermore, users can automatically promote Defendant's Tumblr.com commercial web page or its business among other users by clicking the "Follow" button associated with that page, effectively advertising Defendant's business alongside its use of that photographic work at issue. Defendant's Tumblr.com commercial web page has been visited by numerous users and Defendant's use of that photographic work has been reblogged or liked by other users, leading to potentially thousands more users viewing and/or continually reblogging (distributing) that photographic work absent the said copyright management information. Users can also simply click on Defendant's use of that photographic work to be directly routed Defendant's commercial website, falsely leading users to believe that Defendant is the origin and owner of Plaintiff VINCENT KHOURY TYLOR's photographic work.

30. Defendant's uses of Plaintiffs' photographic works at issue on its Pinterest.com commercial web page, including uses of Plaintiff VINCENT KHOURY TYLOR's photographic works absent his copyright management information, has contributed to widespread distribution of those photographic works absent any copyright management information attributable to Plaintiffs because Pinterest.com users can easily distribute Defendant's uses of those photographic works among other Pinterest.com users by clicking on the "Pin it" button or "Like" button associated with those uses as they appear on Defendant's

Pininterest.com commercial web page. Users can further distribute those photographic works among the millions of users of social media websites Facebook.com or Twitter.com by clicking on the "share" button associated with Defendant's uses of those photographic works. Each "Pin it" or "Like" or "share" click by a user causes Defendant's uses of those photographic works to be distributed to other users or promotes Defendant's Pininterest.com commercial web page or its business as the origin and owner of those photographic works. Furthermore, users can automatically promote Defendant's Pinterest.com commercial web page or its business among other users by clicking the "Follow" button associated with that page, effectively advertising Defendant's business alongside its uses of Plaintiffs' photographic works at issue. Defendant's Pinterest.com commercial web page has been visited by thousands of users and has over 2,000 followers, leading to potentially thousands more users viewing and/or continually sharing the photographic works at issue that were initially posted by Defendant.

31. The viewing and continual sharing of Defendant's uses of Plaintiffs' photographic works at issue on its Pinterest.com commercial web page is demonstrated by Defendant's use of Plaintiff VINCENT KHOURY TYLOR's **"O-23 Waikiki Dusk"**. Although Defendant finally removed its use of that photographic work on its Pinterest.com commercial web page, as described in

paragraph 24, Defendant's use is still active on other Pinterest.com web pages, leading to further infringing activity. Exhibit "F" shows that Defendant's use, absent Plaintiff VINCENT KHOURY TYLOR's copyright management information, is still available for viewing and further distribution on a third party Pinterest.com commercial web page, serving as advertising for Defendant's business and brand. The third party's use of Defendant's use of this photographic work on Pinterest.com is accompanied by the advertisements "Visit scotthawaii.com" and "Local slippah company @Scott Hawaii shares some great tips on things to do in #Hawaii." Thus, despite Defendant's removal of this photographic work from its Pinterest.com commercial web page, Defendant's use continues to be circulated on Pinterest.com. Defendant's business continues to benefit from the advertising accompanied with the infringing uses by third parties, which also leads users to believe that Defendant is the origin and owner of Plaintiff VINCENT KHOURY TYLOR's photographic work. See Exhibit F.

32. Plaintiffs and Defendant were unable to resolve this matter, thus necessitating legal action.

**FIRST CAUSE OF ACTION:**
**COPYRIGHT INFRINGEMENT**

33. Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-32 as if fully stated herein.

34. Plaintiffs have all rights, title, and interest in the copyrights to their respective photographic works as holders of the copyrights, the use of which has not been licensed to Defendant.

35. Defendant has misappropriated Plaintiffs' copyrighted photographic works with knowledge that the photographic works at issue did not belong to Defendant; Defendant thereby willfully engaged in, and continues to willfully engage in, unauthorized use, copying, distribution, and/or display of Plaintiffs' copyrighted photographic works by using nine (9) of Plaintiff VINCENT KHOURY TYLOR's photographic works a total of at least twenty-seven (27) separate times and by using two (2) of Plaintiff VINCENT SCOTT TYLOR's photographic works a total of at least four (4) separate times on its commercial website, Facebook.com commercial web page, Pinterest.com commercial web page, or Tumblr.com commercial web page. Defendant's acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 et. seq.

36. Defendant has shown that it intends to continue, unless restrained, to use Plaintiffs' copyrighted photographic works, willfully infringing, and causing irreparable damage to Plaintiffs for which they have no adequate remedy of law.

37. Defendant's unlawful use of copies of Plaintiffs' original photographic works has diminished the value of the original photographic works by distributing and encouraging redistribution of the photographic works without identifying the photographic works as being the exclusive property of Plaintiffs.

38. Defendant's unlawful acts have been and are interfering with and undermining Plaintiffs' ability to market Plaintiffs' own original photographic works, thereby impairing the value and prejudicing the sale or license by Plaintiffs of their own photographic works.

39. Plaintiffs are entitled to a preliminary and permanent injunction restraining Defendant from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiffs for which they have no adequate remedy of law.

40. Defendant, by its unauthorized appropriation and use of Plaintiffs' original photographic works, has been and is engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiffs' goodwill and the public acceptance of Plaintiffs' original photographic works.

41. Because Defendant used Plaintiffs' copyrighted photographic works without license, infringing the exclusive rights of Plaintiffs as the copyright owners, Plaintiffs are entitled to have the infringing publications and any

improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

42. As a direct and proximate result of Defendant's wrongful acts, Plaintiffs have suffered and continue to suffer lost profits and damages.

43. Plaintiffs are entitled to recover from Defendant the damages they have sustained as a result of these wrongful acts. Plaintiffs are presently unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendant's acts of copyright infringement.

44. Plaintiffs are further entitled to recover from Defendant any gains, profits, or advantages Defendant obtained as a result of its wrongful acts. Plaintiffs are presently unable to ascertain the full extent of the gains, profits, and advantages Defendant has realized by its acts of copyright infringement.

45. Plaintiffs are entitled to elect to recover from Defendant statutory damages for each of its willful violations of Plaintiffs' copyrights.

46. Plaintiffs are further entitled to costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION: DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

47. Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-46 as if fully stated herein.

48. Defendant has intentionally removed copyright management information from association with eight (8) of Plaintiff VINCENT KHOURY TYLOR's photographic works for its said uses, or distributed those photographic works at issue knowing that Plaintiff VINCENT KHOURY TYLOR's copyright management information had been removed or altered, without the authority of Plaintiff VINCENT KHOURY TYLOR or the law, knowing, or having reasonable grounds to know, that the removal or distribution would induce, enable, facilitate, or conceal infringement of copyright.

49. Defendant's acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

50. Plaintiff VINCENT KHOURY TYLOR is entitled to a preliminary and permanent injunction to prevent Defendant from engaging in further violations of 17 U.S.C. § 1202.

51. Plaintiff VINCENT KHOURY TYLOR is entitled to recover from Defendant the actual damages suffered by him and any profits Defendant has obtained as a result of its wrongful acts that are not taken into account in computing the actual damages. Plaintiff VINCENT KHOURY TYLOR is currently unable to ascertain the full extent of the profits Defendant has realized by its violations of 17 U.S.C. § 1202.

52. Plaintiff VINCENT KHOURY TYLOR is entitled to elect to recover from Defendant statutory damages for each of its violations of 17 U.S.C. § 1202.

53. Plaintiff VINCENT KHOURY TYLOR is further entitled to costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VINCENT KHOURY TYLOR and Plaintiff VINCENT SCOTT TYLOR pray:

A. That this Court enter an injunction preliminarily and permanently enjoining and restraining Defendant and its directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant from infringing Plaintiffs' copyrighted photographic works and from further violating 17 U.S.C. § 1202;

B. That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing the images, digital data in any form and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

C. That Defendant be required to pay such damages as Plaintiffs have sustained and any profits Defendant has gained in consequence of

Defendant's unlawful and willful acts or, in the alternative, to pay statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c);

D. That Defendant be required to pay costs, including reasonable attorneys' fees, to Plaintiffs pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b); and,

E. That Plaintiffs be granted such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, February 5, 2014.

/s/ J. Stephen Street
J. STEPHEN STREET
DANE ANDERSON
Attorneys for Plaintiffs
VINCENT KHOURY TYLOR
and VINCENT SCOTT TYLOR